T.C. Memo. 2010-166

UNITED STATES TAX COURT

ENTERGY CORPORATION & AFFILIATED SUBSIDIARIES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25132-06.                    Filed July 28, 2010.

Stephen D. Gardner and William H. O'Brien, for petitioner.

Michael C. Prindible and Melissa D. Arndt, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  Entergy Corp. (petitioner) is the common
parent of an affiliated group of corporations making a
consolidated return of income.  Respondent determined
deficiencies of $17,341,254 and $61,729,798 in the group's
Federal income tax for its 1997 and 1998 taxable (calendar)
years, respectively.  The issues for decision are whether

respondent properly denied (1) a foreign tax credit for the United Kingdom (U.K.) windfall tax paid by petitioner's indirect U.K. subsidiary and (2) depreciation deductions that petitioner's U.S. subsidiaries claimed for street and area lighting assets (the street light issue). A forthcoming report will address the first issue. The second issue is identical to the issue in PPL Corp. v. Commissioner, 135 T.C. ___ (2010), which we also decide today, and the facts in this case relevant to that issue are identical to the corresponding facts in PPL.

The parties have stipulated that, in 1997 and 1998, certain of petitioner's U.S. subsidiaries provided street and highway lighting and nonroadway lighting for public and private entities. The sole issue is whether street and area lighting assets are used in the "distribution of electricity for sale". See Rev. Proc. 87-56, 1987-2 C.B. 674, 685. (If they are, then those assets have a recovery period of 20 years, see id.; if they are not, then they have a recovery period of 7 years, see id., 1987-2 C.B. at 675.) In PPL, we answer that question in the negative.[1]

_____

[1]In PPL Corp. v. Commissioner, 135 T.C. ___ (2010), the Commissioner made an alternative argument, asserting that if street and area lighting assets were not used in the distribution of electricity for sale, then they were "land improvements". See Rev. Proc. 87-56, 1987-2 C.B. 674, 677. In contrast, here respondent expressly concedes any alternative argument. His
(continued...)

Respondent makes no argument that leads us to believe we erred in PPL. We rely on PPL in holding for petitioner on the street light issue.

---

[1](...continued)
concession does him no harm, however, because in PPL we also found against the Commissioner on his alternative argument.